**MARINA TRUBITSKY & ASSOCIATES, PLLC**
11 Broadway, Suite 861, New York, N.Y. 10004
(212) 732-7707
(212) 732-7708 (fax)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2008

July 22, 2008

Honorable Richard M. Berman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

RE:    **EDUARD AND GALINA SLININ v. AZA GERSHKOVICH, ET AL**
        <u>U.S. District Court, S.D.N.Y. 08 CV 04148 (RMB)</u>

Dear Judge Berman:

We represent Plaintiffs Eduard and Galina Slinin in the above-referenced matter.

Our office has just received a copy of the Letter by Anthony F. Valente, who is not a counsel for either Plaintiffs or Defendants in the above mentioned case. In his Letter, Mr. Valente, who did not file a notice of appearance with this Court and whose status remains unclear, asks this Court on behalf of the Defendants, for an extension of time to answer and/or otherwise respond to the Complaint. The Court should disregard Mr. Valente's request, deny their request for an extension of time and sanction the conduct of both Mr. Valente and Mr. Priore pursuant to Rule 11 of the Federal Rules of Civil Procedure and pursuant to the Local Rule 1.5.

Throughout the duration of this lawsuit, Mr. Matthew T. Priore represented to Plaintiffs' counsel that he was in fact retained by Defendants Aza Gershkovich, Boris Gershkovich and Tier Development, Inc. to represent them in the above captioned case and that he intended to file an answer before this Honorable Tribunal. Mr. Priore also stated that he did not represent other defendants in this action. In fact, on June 11, 2008, Plaintiffs' counsel contacted Defendant AZA GERSHKOVICH and was informed that Mr. Priore is an attorney of record for these Defendants only. Since that time, Plaintiffs' counsel had conducted extensive communications including settlement negotiations with Mr. Priore who had never disclosed to this office that he was not admitted to practice before this Honorable Tribunal. To the contrary, on July 3, 2008, Mr. Priore, who is not admitted to practice in the Southern District of New York, appeared in front of this Honorable Tribunal by filing a motion with this Court, asking the Court to adjourn the pre-trial conference in the above-referenced matter which was originally scheduled by this Court for July 7, 2008.

In the same letter which was addressed to this Court, Mr. Priore represented to this Tribunal that he received Plaintiffs' counsel's consent to extend time to file a response to the

Complaint. He never furnished this Court with any proof of this alleged consent by Plaintiffs. It should be noted that when an attorney who is not a member of the bar of this Court appears at the bar of this Court without permission to do so, he is subject to sanctions pursuant to Rule 1.5(6) of the Local Rules of Practice of this Court.

To clarify the issue of Plaintiffs' consent for an extension, on the same very day, July 3, 2008 Plaintiffs' counsel filed a Letter with this Honorable Tribunal stating that the parties actually never came to an agreement about the extension to file an answer. Nevertheless, today Mr. Valente, whose role in this matter had never clarified to Plaintiffs and/or to the Court, filed an endorsed letter representing to this Court for the second time that Mr. Priore obtained Plaintiffs counsel's consent for the extension to answer the Complaint. It remains unclear whether Mr. Valenti was officially retained by all Defendants to represent them in this action and whether he is admitted to practice before this Honorable Tribunal and has a right to file letters using ECF system.

Alternatively, even if Plaintiffs gave their consent to Mr. Priore which they never did, it would be an invalid consent, because Mr. Priore is not admitted in the Southern District of New York and hence, cannot move before this Court on behalf of Defendants in this action. In addition, Mr. Priore never obtained a consent from Plaintiffs and/or this Court for an extension to file an answer with respect to Defendants Alex Gershkovich and Smart Millwork Group, LLC.

It is also unclear who the counsel for Defendants is. Throughout the course of this litigation, Defendants intentionally failed to retain a competent counsel who is qualified to represent them in the above captioned matter before this Tribunal. They intentionally misrepresented this fact to Plaintiffs and should be sanctioned for their false and frivolous misrepresentations. More egregiously, it remains unclear how Mr. Priore was able to file his first request with this Court, not being admitted to practice before this Tribunal and not being ECF qualified in the Southern District of New York.

Plaintiffs also would like to notify this Court that Mr. Valente's letter to this Court dated July 18, 2008 and received by Plaintiffs at the close of the business day today is the second request by Defendants to which Plaintiffs were denied an opportunity to respond in a timely fashion because both requests were not electronically filed pursuant to the Rules of this Court, but sent via mail and received by Plaintiffs only after the Court issued a decision.

> First, this letter must be signed. Second, counsel should meet + confer + work these (petty) issues out themselves. See 7/22/08 Order.
>
> SO ORDERED,
> Date: 7/28/08   /s/ Richard M. Berman
> Richard M. Berman, U.S.D.J.

Very truly yours,
Marina Trubitsky & Associates, PLLC

By: ____/s/_____
Marina Trubitsky, Esq.