## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDUARD SLININ and GALINA SLININ, | VIA ECF |
| Plaintiffs, | Civil Action No.: 08-4148 (RMB) |
| v. | [Hon. Richard M. Berman, U.S.D.J.] |
| AZA GERSHKOVICH, AZA WYCKOFF a/k/a AZA GERSHKOVICH and BORIS GERSHKOVICH, individually and doing business as TIER DEVELOPMENT, INC., ALEX GERSHKOVICH individually and doing business as SMART MILLWORK GROUP, LLC, | **ANSWER, DEFENSES, COUNTERCLAIM, DEMAND FOR STATEMENT OF DAMAGES, DEMAND FOR DOCUMENTS AND JURY TRIAL** |
| Defendants. | |

Defendants Aza Gershkovich, (improperly pleaded as Aza Wyckoff a/k/a Aza Gershkovich), Boris Gershkovich, Tier Development, Inc., and Czar, Inc., (not named in the caption of the Complaint), sometimes hereinafter collectively referred to as the "Defendants"), by and through their attorneys, Calo Agostino, P.C. answer the Complaint of the Plaintiffs as follows:

## **INTRODUCTION**

1.  Defendants deny the allegations contained in paragraph 1 of the Plaintiffs' complaint, state that the document speaks for itself and leave the Plaintiff to their proofs.

## JURISDICTION

2.   Defendants deny the allegations contained in paragraph 2 of the Plaintiffs' complaint, state that the document speaks for itself and leave the Plaintiffs to their proofs.

3.   Defendants deny the allegations contained in paragraph 3 of the Plaintiffs' complaint, state that the document speaks for itself and leave the Plaintiffs to their proofs.

4.   Defendants deny the allegations contained in paragraph 4 of the Plaintiffs' complaint, state that the document speaks for itself and leave the Plaintiffs to their proofs.

## PARTIES AND JURISDICTION

5.   The Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

6.   The Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

7.   Admit.

8.   Admit, and specify that the correct name is Aza Gershkovich.

9.   Defendants deny the allegations contained in paragraph 9 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

10.  Admit.

11. Defendant Czar, Inc. admits that it is licensed Home Improvement Contractor, states that the document speaks for itself and leave the Plaintiffs to their proofs.

12. Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Plaintiffs' complaint as it does not pertain to these defendants.

13.  Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Plaintiffs' complaint, as it does not pertain to these defendants.

14.  Admit.

15.  Defendant Aza Gershkovich lacks knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Plaintiffs' and leave the Plaintiffs to their proofs.

16.  Defendants deny the allegations contained in paragraph 16 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

17.  Defendants deny the allegations contained in paragraph 17 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

18.  Defendants deny the allegations contained in paragraph 18 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

19.  Defendants deny the allegations contained in paragraph 19 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

**FACTS**

20.  Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

21.  Defendants deny the allegations contained in paragraph 21 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

22.  Defendants deny the allegations contained in paragraph 22 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

23. Defendants deny the allegations contained in paragraph 23 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

24. Defendants deny the allegations contained in paragraph 24 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

25. Defendants deny the allegations contained in paragraph 25 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

26. Defendants deny the allegations contained in paragraph 26 of the Plaintiffs' complaint, states that the document speaks for itself and leave the Plaintiffs to their proofs.

27. Defendants deny the allegations contained in paragraph 27 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

28. Defendants deny the allegations contained in paragraph 28 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

29. Defendants deny the allegations contained in paragraph 29 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

30. Defendants deny the allegations contained in paragraph 30 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

31. Defendants deny the allegations contained in paragraph 31 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

32. Defendants deny the allegations contained in paragraph 32 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

33. Defendants deny the allegations contained in paragraph 33 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

34. Defendants deny the allegations contained in paragraph 34 of the Plaintiffs' complaint and leave Plaintiffs to their proofs.

35. Defendants deny the allegations contained in paragraph 35 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

36. Defendants deny the allegations contained in paragraph 36 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

37. Defendants deny the allegations contained in paragraph 37 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

38. Defendants deny the allegations contained in paragraph 38 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

39. Defendants deny the allegations contained in paragraph 39 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

40. Defendants deny the allegations contained in paragraph 40 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

41. Defendants deny the allegations contained in paragraph 41 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

42. Defendants deny the allegations contained in paragraph 42 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

43. Defendants deny the allegations contained in paragraph 43 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

44. Defendants deny the allegations contained in paragraph 44 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

45. Defendants deny the allegations contained in paragraph 45 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

46. Defendants deny the allegations contained in paragraph 46 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

47. Defendants deny the allegations contained in paragraph 47 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

48. Defendants deny the allegations contained in paragraph 48 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

49. Defendants deny the allegations contained in paragraph 49 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

50. Defendants deny the allegations contained in paragraph 50 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

51. Defendants deny the allegations contained in paragraph 51 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

52. Defendants deny the allegations contained in paragraph 52 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

53. Defendants deny the allegations contained in paragraph 53 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

54. Defendants deny the allegations contained in paragraph 54 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

55. Defendants deny the allegations contained in paragraph 55 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

56. Defendants deny the allegations contained in paragraph 56 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

57. Defendants deny the allegations contained in paragraph 57 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

58. Defendants deny the allegations contained in paragraph 58 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

59. Defendants deny the allegations contained in paragraph 59 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

60. Defendants deny the allegations contained in paragraph 60 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

61. Defendants deny the allegations contained in paragraph 61 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

62. Defendants deny the allegations contained in paragraph 62 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

63. Defendants deny the allegations contained in paragraph 63 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

64. Defendants deny the allegations contained in paragraph 64 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

65. Defendants deny the allegations contained in paragraph 65 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

66. Defendants deny the allegations contained in paragraph 66 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## FIRST CAUSE OF ACTION
### (FRAUD)

67. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

68. Defendants deny the allegations contained in paragraph 68 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

69. Defendants deny the allegations contained in paragraph 69 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

70. Defendants deny the allegations contained in paragraph 70 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

71. Defendants deny the allegations contained in paragraph 71 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

72. Defendants deny the allegations contained in paragraph 72 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

73. Defendants deny the allegations contained in paragraph 73 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

74. Defendants deny the allegations contained in paragraph 74 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

75. Defendants deny the allegations contained in paragraph 75 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

76. Defendants deny the allegations contained in paragraph 76 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## SECOND CAUSE OF ACTION:
### (FALSE REPRESENTATIONS)

77. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

78. Defendants deny the allegations contained in paragraph 78 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

79. Defendants deny the allegations contained in paragraph 79 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

80. Defendants deny the allegations contained in paragraph 80 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

81. Defendants deny the allegations contained in paragraph 81 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

82. Defendants deny the allegations contained in paragraph 82 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## THIRD CAUSE OF ACTION:
### (TORTUOUS BREACH OF THE IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING)

83. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

84. Defendants deny the allegations contained in paragraph 84 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

85. Defendants deny the allegations contained in paragraph 85 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

86. Defendants deny the allegations contained in paragraph 86 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

87. Defendants deny the allegations contained in paragraph 87 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

88. Defendants deny the allegations contained in paragraph 88 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## FOURTH CAUSE OF ACTION:
### (DECEPTIVE TRADE PRACTICES BY DEFENDANTS)

89. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

90. Defendants deny the allegations contained in paragraph 90 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

91. Defendants deny the allegations contained in paragraph 91 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

92. Defendants deny the allegations contained in paragraph 92 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

93. Defendants deny the allegations contained in paragraph 93 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## FIFTH CAUSE OF ACTION:
### (BREACH OF CONTRACT)

94. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

95. Defendants deny the allegations contained in paragraph 95 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

96. Defendants deny the allegations contained in paragraph 96 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

97. Defendants deny the allegations contained in paragraph 97 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

98. Defendants deny the allegations contained in paragraph 98 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

99. Defendants deny the allegations contained in paragraph 99 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## SIXTH CAUSE OF ACTION:
### (FAILURE TO ESCROW CONSUMER DEPOSITS)

100. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

101. Defendants deny the allegations contained in paragraph 101 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

102. Defendants deny the allegations contained in paragraph 102 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

103. Defendants deny the allegations contained in paragraph 103 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

**SEVENTH CAUSE OF ACTION:**
**(ILLEGAL HOME IMPROVEMENT CONTRACT PRACTICE)**

104. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

105. Defendants deny the allegations contained in paragraph 105 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

106. Defendants deny the allegations contained in paragraph 106 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

107. Defendants deny the allegations contained in paragraph 107 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

**EIGHTH CAUSE OF ACTION:**
**(VIOLATIONS OF RACKETEER INFUENCED CORRUPT ORGANIZATIONS ACT)**

108. Defendants repeat and reallege each and every allegation set forth above as if set forth fully herein at length.

109. Defendants deny the allegations contained in paragraph 109 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

110. Defendants deny the allegations contained in paragraph 110 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

111. Defendants deny the allegations contained in paragraph 111 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

112. Defendants deny the allegations contained in paragraph 112 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

113. Defendants deny the allegations contained in paragraph 113 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

114. Defendants deny the allegations contained in paragraph 114 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

115. Defendants deny the allegations contained in paragraph 115 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

116. Defendants deny the allegations contained in paragraph 116 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

117. Defendants deny the allegations contained in paragraph 117 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

118. Defendants deny the allegations contained in paragraph 118 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

119. Defendants deny the allegations contained in paragraph 119 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

120. Defendants deny the allegations contained in paragraph 120 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

121. Defendants deny the allegations contained in paragraph 121 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

122. Defendants deny the allegations contained in paragraph 122 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

123. Defendants deny the allegations contained in paragraph 123 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

124. Defendants deny the allegations contained in paragraph 124 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

125. Defendants deny the allegations contained in paragraph 125 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

126. Defendants deny the allegations contained in paragraph 126 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

127. Defendants deny the allegations contained in paragraph 127 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

128. Defendants deny the allegations contained in paragraph 128 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

129. Defendants deny the allegations contained in paragraph 129 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

130. Defendants deny the allegations contained in paragraph 130 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

131. Defendants deny the allegations contained in paragraph 131 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

132. Defendants deny the allegations contained in paragraph 132 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

133. Defendants deny the allegations contained in paragraph 133 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

134. Defendants deny the allegations contained in paragraph 134 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

135. Defendants deny the allegations contained in paragraph 135 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

136. Defendants deny the allegations contained in paragraph 136 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

137. Defendants deny the allegations contained in paragraph 137 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

138. Defendants deny the allegations contained in paragraph 138 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

139. Defendants deny the allegations contained in paragraph 139 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

140. Defendants deny the allegations contained in paragraph 140 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

141. Defendants deny the allegations contained in paragraph 141 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

142. Defendants deny the allegations contained in paragraph 142 of the Plaintiffs' complaint and leave the Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred due to the applicable Statute of Limitations.

## THIRD DEFENSE

Plaintiffs' complaint must be dismissed because this Court lacks personal and/or subject matter jurisdiction over the Defendants.

## FOURTH DEFENSE

Plaintiffs' complaint must be dismissed because venue has not been properly laid.

## FIFTH DEFENSE

Plaintiff suffered no damages as a direct and proximate result of the Defendants' actions.

## SIXTH DEFENSE

Defendants did not violate any duty owed to Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' complaint is barred by plaintiffs' fraud.

## EIGHTH DEFENSE

Plaintiffs' complaint must be dismissed because the Plaintiffs failed to properly serve their complaint in accordance with the Federal Rules of Civil Procedure.

## NINTH DEFENSE

The allegations set forth in the Plaintiffs' complaint against Defendants are false, frivolous and groundless and the Defendants reserve the right to seek sanctions, attorney's fees and costs pursuant to the Rule 11 and the Frivolous Claims Act.

## TENTH DEFENSE

Defendants reserve the right to interpose such other affirmative defenses as additional discovery and investigation shall disclose.

## ELEVENTH DEFENSE

Plaintiffs' complaint is barred in whole or part by the doctrine of waiver.

## TWELVTH DEFENSE

Plaintiffs' complaint is barred by the doctrine of merger.

## THIRTEENTH DEFENSE

The alleged injuries and damages complained of by Plaintiffs, if any, were proximately caused by intervening, supervening causes beyond the control of the Defendants.

## FOURTEENTH DEFENSE

Plaintiffs' complaint is barred by the doctrine of laches.

## FIFTEENTH DEFENSE

Plaintiffs did not sustain any compensable damages.

## SIXTEENTH DEFENSE

The Defendants' conduct, if any, was not the actual or proximate cause of the Plaintiffs' damages, if any.

## SEVENTEENH DEFENSE

Plaintiffs' complaint is barred by the doctrine of equitable estoppel.

## EIGHTEENTH DEFENSE

Defendants reserve the right to move to dismiss the Plaintiffs' complaint for failure to serve or issue the summons and complaint in a timely manner.

## NINTEENTH DEFENSE

New York law does not apply to contracts entered into and performed in the State of New Jersey and New Jersey law does not apply to contracts entered into and performed in the State of New York.

## TWENTIETH DEFENSE

Plaintiffs' injuries, if any, were caused by third parties over whom the Defendants have no control.

### TWENTY-FIRST DEFENSE

Defendants have no minimum contacts with the State of New York.

### TWENTY-SECOND DEFENSE

At all times relevant hereto, the Defendants complied with all applicable laws, regulations and standards.

### TWENTY-THIRD DEFENSE

Plaintiffs' claim is barred or diminished by accord and satisfaction.

### TWENTY-FOURTH DEFENSE

Plaintiffs' complaint is barred or reduced by their failure to mitigate their damages, if any.

### TWENTY-FIFTH DEFENSE

Plaintiffs' complaint has been brought without a good faith basis as to the allegations with a purpose to harass, intimidate or and/or defame the reputation of the Defendants.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claim is barred as to Defendants Aza Gershkovich and/or Boris Gershkovich who have no individual liability for any alleged acts or omissions of corporate entities.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claim is barred as to Defendant Czar, Inc., which has not been properly named in the Complaint or served with the complaint.

WHEREFORE, the Defendants demand:

        (a)     Dismissal of the complaint with prejudice;

        (b)     Awarding of attorney's fees and costs to the Defendants; and

        (c)     Such other relief as the Court may deem equitable and just.

## COUNTERCLAIM

Defendants Aza Gershkovich, Boris Gershkovich, Tier Development, Inc. and Czar, Inc. (which was not listed in the caption of Plaintiff's Complaint), (sometimes hereinafter collectively referred to as the "Defendants"), by way of counterclaim against the Plaintiffs state as follows:

## COUNT ONE

1.      Defendants Tier Development, Inc. and Czar, Inc. (not named in the caption of Plaintiff's Complaint) are New Jersey corporations with principal places of business in Paterson, New Jersey.

2.      In 2006, Defendants Tier Development, Inc., and/or Czar, Inc. entered into an agreement or agreements with Eduard Slinin and Galina Slinin (the "Slinins") in connection with the Slinins' residence located at 42 Dora Lane, Holmdel, New Jersey.

3.      In reliance upon the agreement, Defendants Tier Development, Inc. and/or Czar, Inc., expended substantial time and sums of money to fulfill their obligations under the agreement.

4.      Tier Development, Inc. remained ready, willing and able to comply with its obligations under the terms of the agreement.

5.      Nevertheless, the Slinins failed and refused to comply with their obligations under the terms of the agreement, including but not limited to failing to make payments, engaging in unethical conduct, seeking to impose additional terms beyond the scope of the agreement and not contemplated by the parties, and exercising undue influence to attempt to persuade Plaintiffs to engage in work in violation of statute or ordinance, thereby breaching the terms of the agreement.

6.      As a direct and proximate cause of the Slinins' breach, Defendants have been damaged.

WHEREFORE, the Defendant Tier Development, Inc., demand judgment against Eduard and Galina Slinin, jointly and severally, awarding the following:

(a)     Compensatory and consequential damages;

(b)     Costs of suit, including their reasonable attorneys' fees;

(c)     Interest; and

(d)     Such other relief as the Court deems equitable and just.

## COUNT TWO

1.      Defendants repeat each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

2.      As parties to the agreement,  the Slinins had a duty to act in good faith and to deal fairly with Defendants and to refrain from taking any action which would deprive Defendants of the benefit of their of the agreement and their bargain.

3.      By virtue of the aforementioned improper, unreasonable and inequitable acts, the Slinins breached their duty of good faith and fair dealing.

4.      As a direct and proximate result of the Slinins breach of their duty, Defendants have been damaged.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and severally, awarding the following:

(a)     Compensatory and consequential damages;

(b)     Costs of suit, including their reasonable attorneys' fees;

(c)     Interest; and

(d)     Such other relief as the Court deems equitable and just.

## COUNT THREE

1.      Defendants repeat each and every allegation of the foregoing paragraphs as if fully set

forth at length herein.

2.      The Slinins knowingly made material misrepresentations to Defendants concerning their ability and/or willingness to perform their obligations and/or duties pursuant to the terms of the agreement.

3.      The Slinins intended that Defendants rely upon those misrepresentations, and it did so reasonably rely upon the misrepresentations made by the Slinins to their detriment.

4.      Defendants' reasonable reliance upon the Slinins' aforementioned misrepresentations has directly and proximately resulted in substantial damages to Defendants.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and severally, awarding the following:

(a)      Compensatory and consequential damages;

(b)      Punitive damages;

(c)      Interest;

(d)      Costs of suit, including reasonable attorneys' fees; and

(e)      Such other relief as the Court deems equitable and just.

## COUNT FOUR

1.      Defendants repeat each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

2.      The parties agreed that Eduard and Galina Slinin were to pay Defendants the reasonable value of the services rendered by Defendants.

3.      Payment has been demanded on has not been made.

4.      The Slinins have failed to pay the reasonable value of the services rendered by Defendants, thereby damaging Defendants.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and

severally, awarding the following:

    (a)    Compensatory and consequential damages;

    (b)    Costs of suit, including their reasonable attorneys' fees;

    (c)    Interest; and

    (d)    Such other relief as the Court deems equitable and just.

<h2 style="text-align:center"><u>COUNT FIVE</u></h2>

1.    Defendants repeat each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

2.    The Slinins negligently made incorrect statements of material fact to the Plaintiffs. It was reasonably foreseeable that the Defendants would rely on these misstatements.

3.    Defendants did, in fact, reasonably rely upon statements and openly placed their faith therein.

4.    As a direct and proximate cause of the Slinins wrongful actions, Defendants have been injured.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and severally, awarding the following:

    (a)    Compensatory and consequential damages;

    (b)    Costs of suit, including their reasonable attorneys' fees;

    (c)    Interest; and

    (d)    Such other relief as the Court deems equitable and just.

<h2 style="text-align:center"><u>COUNT SIX</u></h2>

1.    Defendants repeat each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

2.    The acts and/or omissions complained of herein were undertaken by Eduard and

Galina Slinin as well as their agents, contractors, and/or employees.

3.      At all times when these acts and/or omissions were undertaken by the Slinins and those other agents, contractors and/or employees of Slinins, the acts and/or omissions were in the course of and within the scope of their duties, employment and/or contractual relationship with the Slinins.

5.      The Slinins' supervisory personnel were aware of, authorized, approved of, ratified and/or participated in these acts and/or omissions.

6.      As a direct and proximate cause of the Slinins', and/or those other agents and/or employees of the Slinins', wrongful actions and/or omissions, Defendants have been injured.

7.      Eduard and Galina Slinin are vicariously liable under the doctrine of *respondeat superior* for the acts and/or omissions of their agents and/or employees.

8.      As a direct and proximate cause thereof, Defendants have been injured.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and severally, awarding the following:

(a)      Compensatory and consequential damages;

(b)      Costs of suit, including their reasonable attorneys' fees;

(c)      Interest; and

(d)      Such other relief as the Court deems equitable and just.

## <u>COUNT SEVEN</u>

1.      Defendants repeat each and every allegation of the foregoing paragraphs as if fully set forth at length herein.

2.      Defendants rendered services for the Slinins at their request.

3.      The Slinins have failed and refused to pay Defendants the reasonable value thereof and have been unjustly enriched.

WHEREFORE, Defendants demand judgment against Eduard and Galina Slinin, jointly and

severally, awarding the following:

    (a)    Compensatory and consequential damages;

    (b)    Costs of suit, including their reasonable attorneys' fees;

    (c)    Interest; and

    (d)    Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Dennis Calo, Esq. is hereby designated as trial counsel on behalf of all named Defendants.

## DEMAND FOR TRIAL BY JURY

The Defendants hereby demand a trial by jury with respect to all issues so triable.

Dated:  August 15, 2008

        Respectfully Submitted,

        **CALO AGOSTINO, P.C.**

        By:  /s/  Anthony F. Valente
           Anthony F. Valente (AV7813)
           Attorneys for Defendants
           Aza Gershkovich, (improperly pleaded as Aza Wyckoff a/k/a Aza Gershkovich), Boris Gershkovich, Tier Development, Inc. and Czar, Inc.
           14 Washington Place
           Hackensack, New Jersey 07601
           (201) 488-5400 Ext. 111
           (201) 488-5855 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------x

EDUARD SLININ and GALINA SLININ,

    Plaintiffs,

       v.

AZA GERSHKOVICH, AZA WYCKOFF
a/k/a AZA GERSHKOVICH and BORIS
GERSHKOVICH, individually and doing
business as TIER DEVELOPMENT, INC.,
ALEX GERSHKOVICH individually and
doing business as SMART MILLWORK
GROUP, LLC,

    Defendants.

-------------------------------x

**VIA ECF**

Civil Action No.:

08-4148 (RMB)

[Richard M. Berman, USDJ]

**AFFIRMATION OF SERVICE**

Anthony F. Valente, of full age, hereby affirms as follows:

1.   I am an attorney at law admitted to practice before the United States District Court for the Southern District of New York.  I am associated with the law offices of Calo Agostino, P.C., attorneys for the Defendants, Aza Gershkovich, (improperly pleaded as Aza Wyckoff a/k/a Aza Gershkovich), Boris Gershkovich, and Tier Development, Inc. in the above captioned matter.

2.   I certify that on August 15, 2008, the above named Defendants' Answer, Affirmative Defenses, Counterclaim as well as the Rule 7.1 Statement of defendant Tier Development, Inc. were electronically filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules and the Southern District's Rules

on Electronic Service upon the following parties:

                Marina Trubitsky, Esq.
                Marina Trubitsky & Associates, PLLC
                11 Broadway, Suite 861
                New York, NY 10004
                Attorneys for the plaintiffs.

    I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                CALO AGOSTINO, P.C.

Dated: August 15, 2008

                By: /s/ Anthony F. Valente
                   Anthony F. Valente (AV7813)
                   Attorneys for Defendants
                   Aza Gershkovich, (improperly
                   pleaded as Aza Wyckoff a/k/a
                   Aza Gershkovich), Boris
                   Gershkovich, Tier Development,
                   Inc. and Czar, Inc.
                14 Washington Place
                Hackensack, New Jersey 07601
                (201) 488-5400 Ext. 111
                (201) 488-5855 (fax)